UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RICARDO ANTONIO
LOAIZA NAVEDA,

    Petitioner,

v.

ROBERT CERNA, et al.,

    Respondents.

No. 6:26-CV-144-H

## ORDER

Ricardo Antonio Loaiza Naveda applied for admission into the United States in 2023 and was released into the country. *See* Dkt. No. 1-2 at 3. ICE detained him in March 2026. *See* Dkt. No. 1 ¶ 43. His habeas petition seeks release or a bond hearing as a matter of due process. *Id.* ¶¶ 37–46. But Supreme Court precedent makes two points clear: (1) "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border"; and (2) aliens stopped at the border are only entitled to "the procedure authorized by Congress." *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) (internal quotation marks omitted). Here, the procedure is clear: Loaiza Naveda may avail himself of the immigration courts, but while doing so he is subject to mandatory detention. *See* 8 U.S.C. § 1225(a)(1), (b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Accordingly, the petition (Dkt. No. 1) is denied. *See* 28 U.S.C. § 2243. The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

The petition failed to address or even cite the Supreme Court's decision in *Thuraissigiam*, which is dispositive as to this case.  Counsel is warned that her failure to cite controlling case law is sanctionable.  *See, e.g.*, *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. 5:17-CV-808, 2020 WL 10502651, at *5 (W.D. Tex. Oct. 19, 2020).  Going forward, counsel should familiarize herself with the governing standards of the Fifth Circuit and Supreme Court regarding due process in this context.  If future violations occur, the Court may issue an order to show cause why sanctions should not be imposed.

So ordered on May 7, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 2 –